Argued and·submitted February 8, affirmed August 4, 1993

In the Matter of the Marriage of

## Marilyn J. BLACKBURN,
*Respondent,*
*and*

## Stephen M. BLACKBURN,
*Appellant.*

(90C-31455; CA A74631)

857 P2d 212

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Steven C. North, Salem, argued the cause for respondent. On the brief were John L. Hemann and Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals the property division in a judgment of dissolution. We review *de novo*, ORS 19.125(3), and write only to address his argument that the trial court erred in not properly crediting him for post-separation work he performed on real property that the parties owned during their marriage.

The parties owned property that included timbered areas. During their marriage, they agreed that husband would harvest the timber and apply the proceeds to their marital debts. When they separated, they agreed that husband would continue to log the property and that he would receive some compensation for that work. They did not, however, agree on an amount of compensation.

The record shows that husband received a total of $43,649 for the timber harvest. Of that total, $24,934 was from pre-separation harvest and $18,715 was from post-separation harvest. The net income (gross receipts less expenses) to husband for all timber sales was $25,858. Those proceeds were applied to marital debt of $19,240. Husband kept the remaining amount. Wife contended that the retained amount totalled $6,618. Husband contended that the amount was only $1,500. Husband's lower figure is based on his testimony that he applied the difference to other, unspecified deductions from his checking account.

At trial, husband argued that he should have received more money as compensation for his labor after the separation. According to husband, an experienced independent contractor would have charged 60 percent of the gross receipts for the post-separation logging. On the basis of that rate, he argued that he was entitled to $11,229. Wife agreed that husband was entitled to some amount for his labor, but she estimated that the amount should be approximately $2,000 or $3,000. The trial court rejected husband's argument:

> "The contribution calculated by Mr. Blackburn as $11,229 was disputed and the court is convinced that this was included in the total calculation of the logging operation and was considered in noting the bills that Mr. Blackburn

paid. * * * [I]t was the Court's conclusion that he had received consideration."

We agree with the trial court. The value of husband's labor was disputed. We agree that the $6,618 husband retained from the timber harvest is adequate compensation for his labor. We reject husband's contention that he retained only $1,500 from the timber harvest. His estimate is based on his use of the difference to pay other obligations, the appropriateness of which is impossible for us to determine from the record. Husband testified that he arrived at the $1,500 figure by combining the revenues from the timber harvest with other business transactions, such as the sale of livestock and the receipt of state and federal tax returns, and then deducting "all the charges against my checking account" through the date of separation. We are unable to determine from the record precisely what those charges were.

Husband's other arguments do not require discussion.

Affirmed. Costs to wife.